Delgado et al., Peticionarios, *v.* Hutchison, Juez de Distrito, Demandado.

Solicitud para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de Mayagüez en un caso sobre partición de bienes en comunidad originado en la Corte Municipal de San Germán.

No. 119.—Resuelto en mayo 22, 1914.

Apelaciones en Casos Originados en las Cortes Municipales—Término Para Apelar a las Cortes de Distrito.—El término de 10 días que marca la ley de marzo 11, 1908, página 124, para apelar contra las sentencias de las cortes municipales en casos civiles para ante las cortes de distrito es improrrogable.

Id.—Notificación del Escrito de Apelación por Correo—Residencia de los Abogados de las Partes en Distintos Puntos—Significación de la Palabra Inglesa "Serve."—Los preceptos del artículo 321 del Código de Enjuiciamiento Civil se refieren solamente a las notificaciones que han de hacerse a las partes o a sus abogados y nó al secretario de una corte, y la palabra "serve" en el texto inglés en la sección 1ª. de la ley de marzo 11, 1908, página 124, equivale a las palabras *"deliver"* o *"file"*, y por tanto la notificación del escrito de apelación al secretario de una corte municipal surte sus efectos desde que lo recibe y radica en la secretaría, pero no desde que queda depositado en el correo.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sr. Miguel Juan Llaneras.*

El demandado no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En 16 de agosto, 1913, el demandante Ortiz Perichi entabló una demanda en la Corte Municipal de San Germán contra José Antonio Pimentel y Santiago y otros, solicitando la venta y partición de cierta casa. En 18 de noviembre del mismo año, la Corte Municipal de San Germán dictó sentencia a favor del demandante.

El día 1º. de diciembre. 1913, el demandante solicitó de la corte municipal la ejecución de la sentencia en vista de que no se había interpuesto apelación contra dicha sentencia no obstante haber sido notificado ·el demandante de dicha apelación.   En la misma fecha la corte proveyó que siendo firme la sentencia se librara por el secretario mandamiento al márshal para que ejecutara dicha sentencia.

El mismo día 1º. de diciembre, pero después del anterior provisto, el secretario de la corte recibió un escrito por correo del abogado del demandado José Pimentel apelando de la sentencia dictada en ·18 de noviembre anterior cuyo escrito radicó el secretario.   De conformidad con la orden de la corte el día 13 de noviembre, 1914, vendió el márshal en pública subasta la finca en cuestión al ejecutar la sentencia. En 26 de enero, 1914, el abogado del demandado radicó en la corte municipal una moción solicitando que se dictara una orden declarando que la apelación había sido debidamente formalizada, dictándose además cualquiera otra orden que pudiera proteger los derechos del demandado.   En 25 de febrero, 1914, la corte municipal declaró sin lugar la anterior moción, y en 2 de marzo 1914, dicho demandado interpuso apelación a la Corte de Distrito de Mayagüez de la orden de febrero 25, 1914.   El día 20 de marzo, 1914, el peticionario y demandante por medio de su abogado presentó una moción a la Corte de Distrito de Mayagüez solicitando que la referida corte se declarara sin jurisdicción para resolver la apelación interpuesta por el demandado contra la resolución de la Corte Municipal de San Germán de 25 de febrero, 1914.   En 13 de abril, 1914, el Juez de Distrito de Mayagüez proveyendo a la moción presentada por el demandante, peticionario ante este tribunal, declaró sin lugar la moción del ·referido demandante y peticionario por entender dicho juez que la apelación había sido formalizada desde la fecha en que el demandado depositó en el correo de Mayagüez su escrito dirigido al secretario de la Corte Municipal de San Germán y al abogado del demandante, en el que interponía apelación

dicho demandado, por residir el abogado del apelante, José Sabater, en un lugar distinto de donde reside el abogado del demandante y del secretario de la referida corte municipal.

Proveyendo a dicha solicitud este tribunal expidió un mandamiento de *certiorari* habiendo sido debidamente remitidos los autos a esta corte. Aparece de los mismos que en 25 de noviembre el Sr. José Sabater, abogado del demandado, escribió dos escritos de apelación, uno dirigido al secretario de la Corte Municipal de San Germán y otro al abogado del demandante los cuales depositó en el correo el mismo día. Ambas cartas fueron certificadas. El abogado del demandante y peticionario recibió su notificación oportunamente pero el escrito dirigido al secretario no llegó hasta el día 1 de diciembre, 1913. Habiendo sido dictada la sentencia de la corte municipal en 18 de noviembre, 1913, es un hecho admitido que el día 1 de diciembre, 1913, ya había vencido el término de diez días que la ley concede.

El peticionario impugna la jurisdicción de la Corte de Distrito de Mayagüez siendo dos las cuestiones que se presentan a nuestra consideración. La primera es si se ha interpuesto debidamente apelación contra una sentencia de la corte municipal por el hecho de depositarse en el correo un escrito de apelación dentro del término de diez días concedido por la ley La segunda es si la Corte de Distrito de Mayagüez pudo haber considerado debidamente la resolución de esta cuestión en vista de que la apelación pendiente ante dicha corte parece haber sido interpuesta solamente contra la orden dictada en 25 de febrero, 1914.

Las apelaciones contra las sentencias de las cortes municipales en casos civiles están reguladas por la ley de marzo 11, 1908, sección 1ª., leyes de 1908, página 168 del texto inglés y 124 del español. La versión inglesa dice: "*He (the appellant) shall make the appeal by serving a written notice of appeal upon the secretary of the municipal court within ten*

*days from the entry of judgment and by delivering a similar notice within the same term to the opposite party or his attorney,"* y la copia española expresa: ''Formalizará la apelación notificándola por escrito al secretario de la corte municipal dentro de los diez días de dictada la sentencia y entregando igual notificación, dentro del mismo término, a la parte contraria o a su abogado.'' No existe en las leyes ninguna autorización específica para prorrogar el término de las apelaciones interpuestas contra sentencias dictadas por las cortes municipales El único fundamento es al parecer el del artículo 321 del Código de Enjuiciamiento Civil, el cual es como sigue:

''Artículo 321.—La remisión por correo podrá tener lugar, cuando la persona encargada de hacer la notificación o remitir los documentos a aquella a quien fueren dirigidos residieren o tuvieren sus oficinas en distintos puntos, entre los cuales hubiere un servicio regular de comunicaciones por correo.''

Este artículo está comprendido en el Capítulo V del Título XIII, del Código de Enjuiciamiento Civil títulado ''De la entrega de documentos, modificaciones y comparecencias.'' El artículo 320 prescribe que ''la diligencia de una notificación o entrega de documentos deberá hacerse personalmente a la parte o a su abogado según proceda, o podrá diligenciarse como sigue.'' Luego vienen dos párrafos en el primero de los cuales se determina la forma en que deberá hacerse la entrega de documentos a un abogado, y en el segundo se hace referencia a esa misma notificación o entrega cuando ha de hacerse a la misma parte a diferencia de su abogado. Creemos que la diligencia de notificación o entrega de que habla el artículo 321 comprende solamente las notificaciones que han de hacerse a las partes o a sus abogados y no aquellas que se hacen o presentan al secretario de la corte. Entendemos que el artículo 322 también indica que al decirse en

él las "personas" que residen en distintos puntos se refiere a las partes o a sus abogados.

Si se tratara de una apelación interpuesta en la corte de distrito para ante el Tribunal Supremo no surgiría duda alguna pues el artículo 296 del Código de Enjuiciamiento Civil determina claramente que "una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella * * *." La presentación de un documento al secretario de una corte deberá hacerse siempre dentro del término fijado por el estatuto a menos que la ley específicamente permita que se haga de otro modo y al parecer hasta la fecha el estatuto de ningun Estado permite que por el mero hecho de depositarse un documento en el correo ha de considerarse que se ha hecho su entrega al secretario. Un caso concreto en el cual se sostiene una teoría contraria es el de *Brooks* v. *Nevada Nickel Syndicate,* 24 Nevada, 264, 52 Pac., 575, al cual se hace referencia en el tomo 2 de Cyc., pág. 873, nota 67.

Que por el mero depósito en el correo no queda el demandado comprendido dentro del término concedido para interponer una apelación fué una cuestión que ya resolvió este Tribunal en el caso de *Sociedad Agrícola de Gurado* v. *El Registrador de la Propiedad,* 18 D. P. R., 818. Y en el caso de *Patxot* v. *Nadal,* 19 D. P. R., 354, este tribunal resolvió que el término de veinte días concedido al apelante dentro del cual debía presentar su demanda enmendada había de computarse desde el día siguiente a aquel en que se dictó la orden concediendo dicho término, debiendo considerarse que la referida demanda se presentó el día en que fué recibida por el secretario y no aquel en que fué depositada en el correo.

Probablemente se originó alguna confusión por el hecho de expresar la ley de marzo 11, 1908, en su texto inglés que el apelante formalizará la apelación "serving * * *" por escrito al secretario de la corte municipal. Pero en vista

de la practica uniforme de las cortes al considerar que un
documento se ha presentado solamente cuando se entrega
al secretario y no constando expresamente la intención de
la legislatura de prorrogar el término para apelar, debemos
llegar a la conclusión que la palabra *"serve"* contenida en
la ley de 1908 no era distinta en su uso a la palabra *"deliver"*
o *"file."* Notificar al secretario es entregar al secretario,
y el término para la notificación está limitado a diez días.
Este principio está confirmado en la versión castellana de la
ley a la cual ya se ha hecho referencia.

Existen además otras consideraciones generales. El secre-
tario es un funcionario de la corte. Se supone al menos que
los abogados de una corte de récord están ante ella mientras
se encuentra en sesión y un abogado que postula ante la corte
no puede obtener ventaja sobre otro abogado por el hecho de
vivir en otro distrito judicial; y en las cortes municipales
este mismo principio debe aplicarse a las partes.

Con respecto a la segunda cuestión tenemos grandes du-
das respecto a si el punto referente a la notificación por correo
fué promovido debidamente en este caso. El apelante inter-
puso apelación contra la sentencia de 18 de noviembre, 1913.
Nada se hizo al parecer para enviar los autos a la Corte de
Distrito de Mayagüez dentro de los veinte días concedidos
por la ley de marzo 11, 1908. Esa apelación jamás llegó a
la corte de distrito según parece hasta que fueron remitidos
los autos con motivo de la apelación interpuesta contra la
resolución de febrero 25, 1914. Algo debió haberse hecho
directamente para traer la apelación interpuesta ante la corte
de distrito. Si bien esta cuestión es dudosa, no habiendo
sido promovida por las partes preferimos fundar nuestra
opinión enteramente en el punto referente a que la corte de
distrito no adquirió jurisdicción por no haber presentado el
apelante el escrito de apelación al secretario de la corte muni-
cipal dentro de los diez días, contados desde la fecha de la
sentencia. Por tanto, la resolución de la Corte de Distrito
de Mayagüez de abril 13, 1914, por la cual se declara dicha

corte con jurisdicción para conocer de la apelación debe anularse y devolverse el caso para ulteriores procedimientos que no sean incompatibles con esta opinión.

> *Con lugar la solicitud y anulada la orden de abril 13, 1914.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

Los Jueces Sres. Presidente Hernández y Asociado Hutchison no intervinieron en la resolución de este caso.