RIVERA ET AL., RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas, denegando la inscripción de un expediente posesorio.

No. 284.—Resuelto en julio 26, 1916.

ANOTACIONES PREVENTIVAS—TÉRMINO DE CIENTO VEINTE DÍAS PORQUE SE TOMAN—REGLA DEL ARTÍCULO 388 DEL CÓDIGO POLÍTICO.—El término de ciento veinte días a que se refiere la sección 7ª. de la ley sobre recursos contra resoluciones de los registradores de la propiedad, de marzo 1, 1902, debe computarse aplicando la regla establecida en el artículo 388 del Código Político, sin descontar los días feriados comprendidos en él, excluyendo únicamente el primero e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluído.

ID.—SUBSANACIÓN DE DEFECTOS—DOCUMENTO PRESENTADO PARA SUBSANAR EL DEFECTO DESPUÉS DE VENCIDO EL TÉRMINO DE LA ANOTACIÓN Y DESPUÉS DE PRESENTADO OTRO RELATIVO A LA MISMA FINCA POR OTRA PERSONA.—La circunstancia consignada por el registrador en su nota de haberse presentado en el registro por la persona que obtuvo a su favor la anotación preventiva de la venta en pública subasta, un expediente posesorio que a su juicio subsanó el defecto que impidió la inscripción de la dicha venta, no puede ser tomada en consideración, ya que dicho expediente se presentó después de haber transcurrido los ciento veinte días de la anotación y después de haber presentado el recurrente su expediente posesorio.

DEFECTO SUBSANABLE—ESTADO CIVIL.—Constituye un defecto subsanable el hecho de no consignarse en un expediente posesorio el estado civil de la persona o personas a cuyo favor se acredita la posesión.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Luis Mendín.*

El registrador recurrido Sr. Emigdio S. Ginorio, compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso gubernativo en el que está envuelta la cuestión de cómo debe computarse el término de ciento veinte días a que se refiere la sección 7 de la ley sobre recursos contra resoluciones de los registradores de la propiedad: si descontando todos los días feriados comprendidos

en él, o aplicando la regla establecida en el artículo 388 del Código Político.

En el Registro de la Propiedad de Caguas se presentó el expediente posesorio tramitado en la corte municipal de dicha ciudad a instancias de María, Dionisia, Isabel, Juan, Porfiria, Dolores, Jael y Elías Rivera Negrón y el registrador se negó a inscribirlo por medio de la siguiente nota contra la cual se ha interpuesto el presente recurso gubernativo. La nota dice así:

"Denegada la inscripción del precedente documento, de acuerdo con lo que terminantemente dispone el artículo 17 de la Ley Hipotecaria y tomada en su lugar anotación preventiva por término de 120 días al folio 218 vuelto del tomo 17 de Aguas Buenas, finca número 849, anotación letra C., por aparecer del registro que la finca cuya inscripción se solicita, fué vendida en pública subasta, de cuya venta se tomó anotación preventiva por término de 120 días a favor del adquirente Pío Ramírez al folio 217 vuelto del mismo tomo y finca, anotación letra B, cuya anotación aún está vigente, resultando además que, aun cuando con fecha posterior a la presentación de expediente, pero dentro del plazo de la citada anotación letra B, el Señor Ramírez ha presentado, en unión de su escritura de adquisición, otro expediente con cuyos documentos subsana el defecto que motivó la negativa, solicitando por tanto se convierta en inscripción la anotación de su derecho y en cumplimiento de lo que determina el artículo 393 de dicha ley se han librado dos copias de la referida anotación letra B, una de ellas para entregar al presentante y la otra para remitir al juez municipal de esta ciudad, que aprobó este expediente, habiéndose consignado además en la repetida anotación letra C el defecto subsanable de no constar de este documento el estado civil de los promoventes. Caguas, 5 de junio de 1916."

El expediente posesorio se presentó en el registro de la propiedad el 26 de mayo de 1916. La anotación preventiva por virtud de la cual negó la inscripción el registrador, se hizo el 13 de enero de 1916 para durar ciento veinte días. Si el plazo se cuenta de acuerdo con el artículo 388 del Código Político, vencía el 14 de mayo de 1916 o sea días antes de la presentación del expediente y no había, por tanto, obstáculo

alguno en el registro que impidiera su inscripción. Por el contrario si el plazo se computa descontando los días feriados comprendidos en el mismo, entonces sería necesario reconocer que la anotación preventiva estaba vigente y en su consecuencia que estuvo justificado el registrador al negar la inscripción de que se trata.

Nada dispone la ley hipotecaria de una manera concreta sobre el particular. El registrador se basa para sostener su teoría en el criterio de los comentaristas Galindo y Escosura quienes opinan que en los términos establecidos por dicha ley deben descontarse los días feriados porque "el silencio de la ley ha de interpretarse en sentido favorable al derecho del anotante." Véase el tomo 3, pág. 107 de los Comentarios de Galindo y Escosura.

Cita el registrador, además, varias reales órdenes y resoluciones tendentes a demostrar que en la computación de los términos especificados en la ley hipotecaria se tuvo en cuenta siempre la existencia de los días feriados, e invoca el artículo 258 del Reglamento Hipotecario, y la práctica general, según él, seguida en España y Puerto Rico.

Sin embargo, aunque se diera a las autoridades citadas el alcance que pretende el registrador, y, por tanto, que debiera concluirse, conclusión que no aceptamos, que al computarse los términos fijados por la ley hipotecaria es necesario descontar todos los días feriados en ellos comprendidos, aun así, no serían aplicables dichas autoridades a este caso concreto porque aquí no se trata de un precepto de la Ley Hipotecaria sino de una nueva ley de la Asamblea Legislativa de Puerto Rico.

Esa ley es la referente a recursos contra resoluciones de los registradores aprobada en marzo 1 de 1902, o sea el mismo día en que el mismo legislador aprobó el Código Político que contiene el artículo 388 preceptivo de que "el tiempo en que cualquier acto prescrito por la ley debe cumplirse se compu-

tará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluído.''

Y aparece aun más concluyente que debe aplicarse la disposición del Código Político a la computación del término fijado en la sección 7 de la ley antes citada, si se examina el original inglés de dicha sección, que en vez de decir que la anotación preventiva que tomará el registrador cuando deniegue la inscripción de un documento ''tendrá efecto legal durante ciento veinte días de su fecha,'' expresa que tal anotación *''shall have effect only during four months from the date thereof.''* Y un *mes,* de conformidad con el Código Político, artículo 392, No. 4, significa un mes común, a no precisarse otra cosa, y, de acuerdo con el artículo 8 del Código Civil, si en las leyes se habla de meses se entenderá que los meses son de treinta días.

''Es cierto'', dijo está Corte Suprema desde enero 29, 1908, ''que ha habido casos, cuando nuestras reglas eran relativamente nuevas, en que la corte ha excluído los domingos y días de fiestas legales. Quizás tenemos derecho a interpretar nuestras reglas en esta forma, aunque una interpretación distinta fuera necesaria tratándose de un estatuto. Como quiera que sea esto, este tribunal ha resuelto implícitamente en el caso de *Ortiz* v. *Molina,* fallado en 23 de diciembre de 1907, (13 D. P. R. 403), que no habían de incluirse los domingos y días de fiestas legales. La sección 388 del Código Político prescribe que el tiempo en que cualquier acto prescrito por la ley debe cumplirse se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluído. La ley dice, por consiguiente, que la única vez que un domingo o día de fiesta ha de excluirse es cuando éste es el último día. La doctrina de *expressio unius exclusio alterius* es de aplicación a este caso y fija la regla por la que deben determinarse

los términos legales." *Abril* v. *Moreno et al.,* 14 D. P. R. 7, 8.

Y en 27 de marzo de mismo año repitió: "En el caso de *Osvaldo Abril* v. *Moreno* tuvimos ocasión de interpretar dicho artículo en relación con el término en que ha de interponerse una apelación, de acuerdo con el artículo 295 del Código de Enjuiciamiento Civil. La resolución en el caso de Mojica es favorable a la alegación del apelante. Sin embargo, entonces seguíamos la práctica que había estado vigente bajo la antigua ley de Enjuiciamiento Civil, tal como la entendía el tribunal, y no se había llamado nuestra atención con respecto a las disposiciones del artículo 388 del Código Político." *Antongiorgi* v. *Antongiorgi,* 14 D. P. R. 273 y 274.

La circunstancia a que se refiere el registrador en la nota recurrida de haberse presentado en el registro por la persona que obtuvo a su favor la anotación preventiva otro expediente posesorio que a juicio de dicho registrador subsana el defecto que impidió la inscripción de la venta en pública subasta, no puede ser tenida en cuenta, ya que dicho expediente se presentó después del tramitado por los recurrentes María, Dionisia, Isabel, Juan, Porfiria, Dolores, Jael y Elías Rivera Negrón.

Por virtud de todo lo expuesto opinamos que debe revocarse la nota recurrida y ordenarse la inscripción solicitada con el defecto subsanable apuntado por el registrador y que existe a nuestro juicio.

> *Revocada la nota recurrida y ordenada la inscripción del expediente posesorio de que se trata con el defecto subsanable de no constar del expediente el estado civil de los promoventes.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.