ALVAREZ, DEMANDANTE Y APELANTE, *v.* SUCS. DE C. Y J. FANTAUZZI, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre *nuisance.*

No. 2049.—Resuelto en junio 13, 1919.

DESESTIMACIÓN DE APELACIÓN—REMISIÓN DE DOCUMENTOS POR CORREO—RADICACIÓN DEL ESCRITO DE APELACIÓN FUERA DEL TÉRMINO LEGAL.—Recibido y radicado por el secretario de la corte inferior en este caso el escrito de apelación después de los diez días que tenía el apelante para establecer su recurso, y no siendo el artículo 322 del Código de Enjuiciamiento Civil aplicable a documentos o alegaciones de las partes enviadas a la secretaría de un tribunal para su radicación, los que surten sus efectos desde que son recibidos por el secretario y radicados, ya se haga la entrega por correo o personalmente, el hecho de ponerlos en el correo no equivale a su radicación en la secretaría, ni se retrotraen los efectos de la radicación a la fecha de su depósito en el correo. Procede, pues, la desestimación del recurso cuando el escrito de apelación se radica fuera del término legal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Cervoni Gely.*

Abogado de la apelada: *Sr. José C. Ramos.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El demandante en este caso interpuso recurso de apelación contra resolución de la Corte de Distrito de Guayama de 29 de abril de 1919 que le negó la petición de que le concediera un *injunction* provisional mientras tramitaba su pleito.

El mismo día el secretario hizo constar en los autos que había notificado esa resolución a los abogados de las partes y el domingo 11 de mayo de 1919 recibió el escrito de apelación del demandante que radicó al día siguiente.

Presentada por el apelado moción para que desestimemos el recurso por haber sido interpuesta la apelación después de los diez días que para casos como el presente concede el No. 3°. del artículo 295 del Código de Enjuiciamiento Civil, la impugnó la parte apelante alegando que por residir su abogado en Humacao recibió la notificación el 30 de abril, que el día 10 envió por correo al Secretario de la Corte de Distrito de Guayama su escrito de apelación y que aunque fué radicada en los autos el día 12 de mayo por ser domingo el día en que la recibió el secretario su recurso estaba interpuesto en tiempo porque existiendo entre Humacao y Guayama una distancia de treinta y seis millas, más o menos, tenía doce días en vez de diez para interponer su recurso de acuerdo con lo dispuesto en el artículo 322 del Código de Enjuiciamiento Civil, preceptivo de que en los casos de remisión por correo de documentos, notificaciones y comparecencias la remisión queda cumplida al tiempo de hacerse el depósito en el correo pero que si dentro de determinado número de días después de hecho aquél la parte contraria tuviere que ejercer un derecho o ejecutar un acto, el término dentro del cual hubiere de ejercerse el uno o ejecutarse el otro se entenderá ampliado un día por cada veinte y cinco millas que mediaran entre el lugar del depósito y el de la dirección, que no excederá de treinta días.

La cuestión propuesta por el apelante con referencia al artículo 322 citado ha sido ya resuelta por nosotros en el caso en reconsideración de *Oronoz* v. *Montalvo,* 20 D. P. R. 336, en el cual declaramos que no es aplicable a documentos o alegaciones de las partes enviadas a la secretaría de un tribunal para su radicación, los que surten sus efectos desde

el momento en que son recibidos por el secretario por correo o personalmente y quedan radicados por él y que cuando tales documentos los recibe el secretario por correo, el hecho de que hayan sido depositados en el correo no equivale a su radicación en la corte, ni los efectos de radicación se retrotraen a la fecha en que fueron así depositados. El caso de *McDonald* v. *Lee,* 132 Cal. 253, fué resuelto en el mismo sentido.

Como el escrito de apelación en este caso fué recibido por el secretario y radicado después de los diez días que el demandante tenía para establecer su recurso debemos desestimarla.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.