José González Clemente & Co., demandante y apelada, *v.* Felipe Torres, Arbona Hnos. Sucrs. y Cándido Noriega, demandados y apelantes.

No. 5286.—*Sometido:* Diciembre 18, 1930.—*Resuelto:* Enero 16, 1931.

*R. Atiles Moreu,* abogado del apelante Noriega; *José Sabater,* abogado de la apelada.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Aparece del récord en este caso que ante la Corte Municipal de Mayagüez se siguió por José González Clemente & Co. un pleito contra Felipe Torres, Arbona Hermanos Sucesores y Cándido Noriega, sobre cobro de dinero; que en este pleito la corte dictó sentencia condenando a los demandados a pagar a la demandante cuatrocientos cincuenta dólares, intereses legales y las costas. La sentencia fué dictada en 30 de noviembre de 1929.

En ese litigio era abogado del demandado Cándido Noriega, el Sr. Erasto Arjona Siaca, quien en 29 de noviembre de 1929, suscribió una moción a la corte haciendo constar que se hallaba suspendido en el ejercicio de la profesión, por lo que no podía representar al demandado, y pidió se suspendiera la vista del caso, que se hallaba señalada para el día 30 del mismo mes, y que se notificara a dicho Noriega para que nombrara abogado que le representase. No consta resolución alguna a esa moción.

Aparece asimismo del récord, que se presentó por parte de Cándido Noriega un escrito de apelación contra la sentencia, fechado en Ponce a 9 de diciembre de 1929, con una declaración jurada del abogado señor Atiles Moreu, de la

que aparece que dicho abogado en 9 de diciembre de 1930 depositó en la oficina de correos de Ponce bajo certificado debidamente franqueado la copia del escrito de apelación dirigida al abogado señor Sabater, de la parte demandante a su oficina de Mayagüez. La radicación de esa apelación aparece con fecha 11 de diciembre de 1929.

La demandante y apelada solicitó de la Corte de Distrito de Mayagüez que desestimara la apelación, por haberse radicado fuera del término legal, y por no haberse notificado a los otros demandados en el caso. Se opuso el apelante; y se oyó por la corte la moción, con la prueba de la misma. De esa prueba son elementos de importancia, a más de los autos y constancias de ellos, la declaración del Sr. Atiles Moreu, la del Secretario de la Corte Municipal de Mayagüez, y la del jefe de correos de Mayagüez. El primero afirmó que el 9 de diciembre de 1929 había depositado en la oficina de correos de Ponce, dos sobres certificados en forma, el uno dirigido al Secretario de la Corte Municipal de Ponce, conteniendo el escrito de apelación en este caso, y un sello de rentas internas de dos dólares, y el otro, dirigido al abogado José Sabater, en Mayagüez, conteniendo la copia de aquel escrito. El jefe de correos de Mayagüez, hizo traer a la corte el récord de certificados de Ponce correspondiente al día 9 de diciembre de 1929, y con él a la vista declaró el empleado de correos Hipólito Biaggi, que tiene a su cargo el departamento de certificados, y dijo que el de que se trata en este caso, dirigido al Secretario de la Corte Municipal de Mayagüez, llegó a su oficina el día 10 de diciembre de 1929 en el correo de las diez y media de la mañana, y que fué entregado el 11 del mismo mes. Y el Secretario de la Corte Municipal de Mayagüez declaró que el 10 de diciembre de 1929 fué al correo, a las ocho y media de la mañana, y recogió la correspondencia; que el escrito de apelación en este caso lo recibió en la mañana del 11 de diciembre de 1929 y lo radicó y agregó a los autos el mismo día.

De los autos aparece que la sentencia fué notificada a Felipe Torres, Arbona Hermanos, y a Cándido Noriega, éste por su abogado Erasto Arjona Siaca, de Ponce.

La Corte de Distrito de Mayagüez, resolvió en favor de la moción de la parte apelada, por razón de que la apelación había sido radicada un día después de vencido el término; y contra esa resolución se ha apelado ante nosotros, por parte de Cándido Noriega.

Está fuera de duda que para los efectos de la entrega de una apelación al secretario de la corte, la fecha es aquélla en que el funcionario recibe el escrito, y no la de su depósito en el correo. La decisión de este tribunal en *Delgado et al.* v. *Hutchison, Juez de Distrito,* 20 D.P.R. 483, es perfectamente clara y final; y como ella lo es asimismo la recaída en el caso *Alvarez* v. *Sucesores de C. y J. Fantauzzi,* 27 D.P.R. 530.

Dejar una apelación para enviarla por correo el día antes del en que se vence el término y esperar que el secretario de la corte la ha de recoger en la oficina de correos, es algo que no consiente la prudencia; y que no tiene la protección de la ley. El secretario es un funcionario de la corte, y no tiene el deber de ir al correo a recoger certificados de las partes. Estas tienen, aun en el mismo servicio postal, medios perfectamente seguros y rápidos de que sus escritos lleguen a manos de un funcionario, sin que éste vaya a buscarlos.

Pero aquí se levanta otra cuestión. Se alega que el abogado Erasto Arjona Siaca se hallaba suspenso en el ejercicio de su profesión; y que esto era de conocimiento judicial, porque se trataba de una sentencia de este tribunal. Quizá sea esto así. Pero conviene examinar la alegación con detenimiento.

El abogado Erasto Arjona Siaca fué suspendido en el ejercicio de la profesión en 7 de noviembre de 1929. El pleito a que esta apelación se refiere fué oído por la Corte

Municipal de Mayagüez el 30 de noviembre de 1929. Y desde el 7 de noviembre hasta el 30 del mismo mes, no ha ocurrido a la parte interesada enterarse de que tenía que designar otro abogado, siquiera cuando se trata de apelar, le nombrara dentro del término de la apelación. Pero, aparte de toda otra consideración, el hecho es que, si no se hizo la notïficación al mismo Noriega, y sí al que figuraba como abogado de récord, el defecto de la notificación se halla curado por el hecho de que Noriega apeló de la sentencia; apelación que implica un conocimiento y un reconocimiento de tal sentencia.

*La resolución apelada debe ser confirmada.*