LUCE & Co., S. ÉN C., demandante y apelante, *v.* ROSARIO CINTRÓN VDA. DE CAPÓ, hoy su Sucesión, demandada y apelada.

No. 5268.—*Sometido:* Enero 30, 1931. *Resuelto:* Julio 9, 1931.

*Tous Soto & Zapater,* abogados de la apelante; *José A. Poventud, Alberto S. Poventud, F. Parra Capó* y *E. Capó Cintrón,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En esta apelación de Luce & Co., S. en C., la parte apelada pide la desestimación del recurso, solicitud que, lógicamente, tiene preferencia en estudio y resolución.

Los fundamentos en que la apelada se apoya son:

Que en 20 de enero de 1930 la Corte de Distrito de Guayama dictó y registró sentencia definitiva declarando sin lugar la demanda.

Que esa sentencia fué notificada el mismo día 20 de enero de 1930, a la representación profesional de la demandante,

archivándose en la misma fecha la constancia o copia de la notificación.

Que el término para apelar de esa sentencia es de treinta días; y que el Secretario de la Corte de Distrito de Guayama recibió el escrito de apelación de la demandante, por correo, el día 20 de febrero de 1930, cuando el término había vencido.

Al alegato en que se incluye esta petición viene unida una certificación del Secretario de la Corte de Distrito de Guayama; documento que estimamos de conveniencia transcribir aquí. Dice así:

"Yo, Tomás Pagán Colón, Secretario de la Corte de Distrito del Distrito Judicial de Guayama, Puerto Rico,

"CERTIFICO: Que el día 20 de enero, 1930, fué dictada y registrada sentencia definitiva declarando sin lugar la demanda en este caso; que en la misma fecha la expresada sentencia fué notificada por escrito al Lic. José Tous Soto, como abogado de la demandante, dirigiéndosele o enviándosele la correspondiente notificación de dicha sentencia; que el mismo día 20 de enero, 1930, fué archivada o unida a los autos del caso de epígrafe la constancia o copia de dicha notificación de la sentencia, la cual transcrita literalmente como aparece con los autos del caso, es así:

"'R. 574—July 26, 1929.—3,000.—Atty. Gen. Form 31.—En la Corte de Distrito del Distrito Judicial de Guayama, P. R.—Civil No. 7129.—Luce & Co., S. en C., Demandante, vs. Rosario Cintrón viuda de Capó, hoy su sucesión, Demandada.—NULIDAD DE INSCRIPCIONES, DECLARACIÓN DE DOMINIO DE INMUEBLES E *Injunction.*—Notificación de sentencia. Al Lcdo. José Tous Soto, Abogado de la demandante. EL SECRETARIO que suscribe notifica a usted que la Corte de este Distrito a dictado sentencia en este caso con fecha 20 de enero de 1930, que fué debidamente registrada en el libro correspondiente, según consta en el récord de este asunto, donde podrá usted enterarse detalladamente de los términos de dicha sentencia. Y siendo o representando usted la parte perjudicada en la sentencia, por la cual puede establecerse recurso de apelación, dirijo a usted esta notificación escrita, archivando una copia de la misma, de acuerdo con la sección 2 de la ley para enmendar los artículos 92, 123, 227 y 229 del Código de Enjuiciamiento Civil, aprobada en 9 de marzo de 1911.—Guayama, P. R., a 20 de enero de 1930.—(f). Tomás Pagán Colón, Secretario de la Corte de Distrito de Guayama, P. R.—

Archivada con los autos del caso hoy 20 de enero, 1930.—(f) Pagán, Secretario,' y que en febrero 20, 1930, a las 10 A. M. de dicho día, fué recibido y radicado en esta Secretaría, por el Secretario que suscribe un escrito de la sociedad demandante apelando de la expresada sentencia definitiva, el cual escrito de apelación fué recibido del correo en un Pliego Certificado.

"Y a solicitud del Lcdo. Eduardo Capó Cintrón, uno de los abogados de los demandados, expido la presente que concuerda en cuanto a los extremos certificados con las constancias existentes en los autos de este caso, la sello con el de esta Corte y firmo en Guayama, P. R., hoy 15 de julio de 1930.

> "(Fdo.) Tomás Pagán Colón,
> Secretario de la Corte de
> distrito de Guayama, P. R.

(Sello de la Corte)
(Un sello de R. I. de $1. cancelado).

A esta petición se opone la apelante que alega:

1. Que el término para apelar empieza "after the entry of judgment," si bien no se computa el de un mes sino desde que se archiva la copia de la notificación.

2. Que la ley requiere que la notificación se remita escrita, a la parte; y que el archivo no prueba el envío por correo.

3. Que la notificación no queda hecha hasta que se haga el depósito en el correo, en tiempo hábil; y en este caso no existe prueba, en el récord, del servicio de la notificación.

4. Que de la notificación debe existir un original, enviado por correo, y el secretario debe certificar su remisión y servicio; y que la mera unión a los autos, de la copia de la notificación, sin la notificación real y efectiva, no sería eficaz.

5. Que no demostrándose con la copia archivada el envío de la notificación, incumbe a la apelada demostrar ese hecho.

Acompañó una declaración jurada de Enrique A. Gómez para demostrar que el escrito de apelación fué depositado en el correo de Ponce, bajo sobre certificado el día 17 de febrero; y asimismo el recibo del certificado. Y asimismo, aparecen:

(a) Declaración jurada del Secretario de la Corte de Distrito de Guayama, en la que dice que la notificación de sen-

tencia en este caso fué puesta por él en el buzón de la corte el 20 de enero de 1930, sin que recuerde si lo hizo por la mañana o por la tarde; y que varias veces, en los días 17, 18 y 19 de febrero de 1930 el abogado Eduardo Capó le preguntó si se había recibido el escrito de apelación, y el 19 de febrero le pidió certificación de no haberse radicado tal escrito, la que le negó por no haber transcurrido el día.

(b) Una declaración jurada de Fernando Zapater, abogado, a la que se unen dos fotografías, tomadas ante él y el Secretario de la Corte de Distrito de Guayama bajo cuya custodia se encontraba el sobre que fué fotografiado, y que es el dirigido por la profesional Tous Soto y Zapater desde Ponce al Secretario de la Corte de Distrito de Guayama, conteniendo el escrito de apelación en este caso. Declara que hacia el 20 de febrero se constituyó en la oficina del Secretario de la Corte de Distrito de Guayama, y en el libro de sentencia vió que la de este caso no estaba firmada por el juez, y llamó la atención del secretario sobre este hecho; que en 20 y 21 de enero el declarante se hallaba encargado del recibo y apertura de la correspondencia en el bufete de Tous Soto y Zapater, y puede asegurar que en ninguno de esos días se recibió allí, dirigida a la firma, o a Don José Tous Soto, notificación alguna de la sentencia dictada en este pleito. En las fotografías aparecen el sello y la dirección, en la del frente del sobre; y en la del reverso un sello marca con la fecha febrero 18, aparentemente de la oficina de Guayama.

(c) Declaración jurada de Fernando Beiró Rovira, abogado, en la que afirma que el 20 de febrero de 1930, por encargo del Licenciado José Tous Soto, solicitó del Postmaster de Guayama una declaración jurada acerca de servicio de correo entre Guayama y Ponce, y le fué negada, accediendo el dicho funcionario a redactar una carta que se copia, y en la que manifiesta que hay el siguiente servicio de correos: el que sale de Ponce a las 8 A. M. y llega a Guayama

entre 11 y 12 M.; el que se despacha en Guayama a las 4 P. M. para llegar a Ponce entre 7 y 8 P. M.; el que se despacha en Guayama a las 5 P. M. y va vía Cayey llegando a Ponce el día siguiente por la mañana. Que el Postmaster le aseguró que esos correos eran los mismos el día 17 de febrero de 1930. Y que esto le consta de propio conocimiento, en razón a ser el declarante residente en Guayama por muchos años.

(*d*) Certificación de Tomás Pagán Colón, Secretario de la Corte de Distrito de Guayama, cuyo texto en lo que interesa es así:

"En la Corte de Distrito del Distrito Judicial de Guayama, P. R. Civil No. 7129.—Luce & Co., S. en C., Demandante v. Rosario Cintrón, viuda de Capó, hoy su sucesión, demandada. NULIDAD DE INSCRIPCIONES, DECLARACIÓN DE DOMINIO DE INMUEBLES E *Injunction*.—NOTIFICACIÓN DE SENTENCIA.—Al Lcdo. José Tous Soto, abogado de la demandante. El Secretario que suscribe notifica a usted que la Hon. Corte de este Distrito ha dictado sentencia en este caso con fecha 20 de enero de 1930 que fué debidamente registrada en el libro correspondiente, según consta en el récord de este asunto, donde podrá usted enterarse detalladamente de los términos de dicha sentencia. Y siendo o representando usted la parte perjudicada en la sentencia, por la cual puede establecerse recurso de apelación, dirijo a usted esta notificación escrita, archivando una copia de la misma, de acuerdo con la sección 2 de la ley para enmendar los artículos 92, 123, 227 y 229 del Código de Enjuiciamiento Civil, aprobada en 9 de marzo de 1911.—Guayama, P. R., a 20 de enero de 1930.—(f) Tomás Pagán Colón, Secretario Corte de Distrito de Guayama, P. R.—Archivada con los autos del caso hoy 20 de enero de 1930.—(f) Pagán, Secretario."

(*e*) Otra declaración jurada de Fernando Zapater, en la que dice que le fueron exhibidos por el Secretario de la Corte de Distrito de Guayama los autos de este caso en los que ha visto la forma 31 del Attorney General, para notificación en este caso, y en ellos la nota de archivo sin firmar, de lo que llamó la atención al secretario; y que no aparece diligencia

alguna de remisión a los abogados de la demandante-apelante.

(*f*) La declaración jurada de Enrique A. Gómez de que antes se ha hecho mérito.

(*g*) Declaración jurada de Cornelio D. Vargas, Postmaster de Guayama: que en 18 de febrero de 1930, siendo el Postmaster de Guayama, se recibieron en su oficina, dos certificados Nos. 4143 y 4144, de Ponce, enviados por Sres. Tous Soto y Zapater; que el mismo día puso los avisos correspondientes en el apartado de Don Eduardo Capó; y el de la corte de distrito en su correspondencia, por no tener apartado, y esta correspondencia, con el aviso fué entregada al *Janitor* de la corte Jesús M. López el mismo día 18; que Jesús M. López está autorizado por el secretario de la corte para recoger la correspondencia dirigida al mismo, incluyendo la certificada; que el 20 de febrero puso un segundo aviso del certificado 4144, que era el del secretario; que el *Janitor* de la corte entregó el aviso en la oficina y se le dió el pliego certificado firmando en el libro correspondiente.

La parte apelada presentó contraaffidavits; los siguientes:

1. De Francisco Parra Capó, abogado, vecino de Ponce, que como uno de los abogados de los demandados en este caso, se trasladó a Guayama e investigó lo relacionado con la entrega del sobre certificado de la apelante conteniendo el escrito de apelación, que fué recibido por el secretario de la corte el día 20 de febrero de 1930.

2. De Henry G. Molina, abogado; dice que en 17 de febrero de 1930, envió un sobre con franqueo y dirigido al abogado Domínguez Rubio, de Guayama, conteniendo documento para el registro y que recibió contestación del Sr. Domínguez Rubio en carta fechada 20 de febrero, acusándole recibo de tal carta en esa fecha 20 de febrero.

3. De C. Domínguez Rubio, abogado. Que el 20 de febrero recibió una carta certificada del abogado Sr. Molina, fechada el 17 del mismo mes, y conteniendo un documento

para el registro; y que de ella acusó recibo el mismo día, y le fué ésta contestada con fecha 21 del propio mes.

4. De Juana Desrivieres, empleada del Sr. Domínguez Rubio, confirmando la de éste.

5. De Tomás Pagán Colón, Secretario de la Corte de Distrito de Guayama. Dice que en el caso en cuestión se dictó y registró sentencia definitiva en 20 de enero de 1930, y el mismo día hizo el declarante enviar, por correo, pagándose el franqueo ordinario, depositándose en la oficina postal de Guayama, y dirigida al Licenciado José Tous Soto en Ponce, P. R., la notificación, cuya copia fué archivada en los autos en la misma fecha, y de la que se incluye el texto, que es como queda antes copiado. Y añade que existe entre Ponce y Guayama servicio postal regular, y que también incluyó en el sobre en que envió tal notificación el abogado Sr. Tous Soto, copia de la opinión y sentencia en el caso. Que en 20 de febrero de 1930, a las 10 A. M. fué recibido y radicado en la secretaría, por el declarante, un escrito de la demandante, apelando la sentencia de 20 de enero de 1930, bajo pliego certificado, por correo.

6. De Jesús M. López. Declara ser el mensajero de la Corte de Distrito de Guayama, y lo era el 20 de enero de 1930; ese día llevó a la oficina de correos de Guayama, y lo depositó allí, a las 4:30 de la tarde, un pliego de la secretaría de la corte de distrito dirigido a Licenciado José Tous Soto, Ponce, P. R., y franqueado debidamente.

7. De Pablo Léctora, oficial encargado de la correspondencia de la Corte de Distrito de Guayama; que esa corte no tiene apartado de correos, ni lo tenía en enero y febrero de 1930, y la correspondencia dirigida a la corte es recogida, y lo era en enero y febrero de 1930, todos los días por el mensajero de la corte, que acostumbra ir varias veces por día a tal oficina de correos. Da el nombre del mensajero: Jesús M. López.

8. De Jesús M. López, el mensajero de la corte de dis-

trito. Que esa corte no tiene apartado en la oficina de correos, y el declarante va a esa oficina a llevar y a traer la correspondencia de la corte; que en los días 18, 19 y 20 de febrero de 1930 fué a la oficina postal de Guayama a buscar la correspondencia de la corte, y ni en los días 18 y 19 se le entregó aviso alguno de que hubiera carta certificada para la corte; que el 20 de febrero, 1930, a las 9:30 A. M. fué a aquella oficina, y se le entregó un aviso de carta certificada, la que él pidió y recibió, observando que tenía el sobre un membrete de Tous Soto y Zapater, abogados, de Ponce, y firmó el recibo y el libro en fecha 20 de febrero; que en seguida llevó la correspondencia a la corte, y con ella el certificado, y por los comentarios que se hicieron con motivo de ser un escrito de apelación de dichos abogados, observó que el sobre tenía tres sellos de expedición y recibo de llegada de las oficinas de Ponce y Guayama, de los que dos son indicativos de haberse depositado el sobre en la oficina de Ponce el 17 de febrero de 1930, y el otro de haberse recibido en la oficina de Guayama el 18 del mismo mes.

9. De Fernando Texidor. Mensajero del Director Escolar de Guayama Eduardo Capó Cintrón, que recoge la correspondencia de dicho señor; que en 17, 18 y 19 de febrero de 1930 fué a la oficina postal, y en ninguno de esos días encontró aviso de certificado; que sí lo encontró en el apartado el día 20 de febrero y lo llevó a Capó Cintrón, que lo endosó al declarante, quien recogió una carta certificada con el membrete de los abogados Tous Soto y Zapater, y lo entregó al Sr. Capó Cintrón.

10. De Eduardo Capó Cintrón, abogado. Que es parte en el pleito, y abogado en unión con los Señores Poventud y Parra Capó; que la Corte de Distrito de Guayama dictó sentencia en ese caso el 20 de enero de 1930, y el declarante como uno de los demandados y abogado tenía presente que el término para apelar vencía el 19 de febrero, 1930; que en 20 de ese mes al regresar del correo el men-

sajero Fernando Texidor entregó al declarante un aviso postal de certificado, que el dicente le endosó, trayéndole entonces el mensajero la carta certificada con el membrete de los abogados Tous Soto y Zapater, y conteniendo copia del escrito de apelación de sentencia dictada en este caso; que el declarante notando que el sobre tenía fecha del correo de 18 de febrero, fué al correo para indagar, y le enseñaron el libro de certificados, donde pudo observar varios certificados más, entre ellos uno dirigido al Licenciado Domínguez Rubio, y otro al secretario de la corte de distrito, éste sin entregar; que al salir del correo vió venir al mensajero de dicha corte de distrito, y el declarante le dijo que tuviera cuidado con poner la fecha en que estaban, si se recibía la apelación en este caso; que en ese mismo día, 20 de febrero, estuvo el declarante en la corte de distrito y supo por el secretario que la apelación en este caso no había sido recibida hasta la mañana del día 20 de febrero.

11. De Tulio Rodríguez, ex juez de la Corte de Distrito de Guayama, que declara que en este caso dictó sentencia el 20 de enero de 1930 y la firmó antes de entregarla al secretario ese mismo día, y en la misma fecha firmó en el libro registro de sentencias.

12. De Tomás Pagán Colón, Secretario de la Corte de Distrito de Guayama. Dice que recibió del juez de la corte Don Tulio Rodríguez el 20 de enero de 1930, siendo secretario, la sentencia en este caso dictada y firmada por él; que la registró el mismo día y en esa fecha firmó el juez el registro de sentencias, y extendió el dicente la notificación dirigiéndola por correo al Licenciado José Tous Soto, abogado de la demandante, archivando en autos la copia con nota de archivo y fecha de 20 de enero de 1930, y su firma, y que tanto el original como la copia de la notificación fueron firmadas por el dicente. Que en ninguna ocasión persona alguna le ha llamado la atención a que falta la firma en los casos en trámite, o en los libros, porque la práctica en su

secretaría es firmar las diligencias el mismo día, y registrar el mismo día las sentencias.

Esta materia ha sido argumentada por las partes extensa y cuidadosamente. Pero lo que más interesa para resolver es determinar algunos extremos por sí sencillos.

■ En cuanto al término.

Es indudable que la recta definición procesal de la palabra "mes" tiene gran importancia.

En el artículo 8 del Código Civil de Puerto Rico, encontramos:

"Artículo 8. Si en las leyes se habla de meses, días o noches, se entenderá que los meses son de treinta días, los días de veinte y cuatro horas, y las noches desde que se pone hasta que sale el sol.

"Si los meses se determinan por sus nombres, se computarán por los días que respectivamente tengan."

Este artículo ha sido literalmente traído al Código Civil Revisado.

En el caso *Wolkers* v. *American Railroad Company of Porto Rico,* leemos:

"POR CUANTO de acuerdo con el artículo 295 del Código de Enjuiciamiento Civil, enmendado por las leyes de marzo 11, 1908, y No. 70 de marzo 9, 1911, la apelación contra una sentencia definitiva debe interponerse dentro de un mes de registrada aquélla y este término empieza a correr desde que se archiva en la corte inferior la notificación que de la sentencia debe hacer el secretario de dicha corte, y de acuerdo con el artículo 8 del Código Civil en relación con el párrafo 4 del artículo 392 del Código Político cuando en las leyes se habla de meses se entenderán meses de 30 días, habiendo por tanto vencido en el caso de autos el mes para apelar, el día 16 de abril último."

Doctrina esta, que ha sido confirmada en el caso *Rivera* v. *Registrador,* 24 D.P.R. 422.

En el caso *Noriega* v. *Sucesión Colón,* 40 D.P.R. 450, encontramos lo que sigue:

"La ley vigente en nuestra Isla fija el término para apelar como

sigue: 'Dentro de un mes después de haberse registrado la sentencia.' Artículo 295, No. 1, Código de Enjuiciamiento Civil.

"El artículo 8 del Código Civil, dispone:

"'Artículo 8.—Si en las leyes se habla de meses, días o noches, se entenderá que los meses son de treinta días, los días de veinte y cuatro horas, y las noches desde que se pone hasta que sale el sol.

"'Si los meses se determinan por sus nombres, se computarán por los días que respectivamente tengan.'

"Aplicando la regla fijada por el mismo legislador, es necesario concluir que la razón asiste en este caso a la parte apelada y no a la apelante. El legislador concedió para apelar el término de un mes sin determinar el mes por su nombre. Siendo ello así, de acuerdo con el artículo 8 transcrito, treinta días constituyen el mes concedido."

Bastante para el caso.

■ Remisión de notificación por el secretario de la corte de distrito.

Extremo o materia de hecho que consideramos suficientemente probado. De las declaraciones juradas unidas al caso, de las presunciones controvertibles y no controvertidas, y de la apreciación general de los elementos de prueba en esta moción, llegamos a estas consecuencias:

a. La sentencia fué dictada, firmada y registrada, en 20 de enero de 1930.

b. La sentencia fué notificada por el secretario remitiéndose la notificación formal y completa, por correo, a Ponce, al abogado Don José Tous Soto, el 20 de enero de 1930.

c. La copia de la notificación al abogado de la demandante fué archivada en forma por el Secretario de la Corte de Distrito de Guayama el día 20 de enero de 1930.

Tal es la convicción que tenemos como resultado de la prueba.

■ La entrega del escrito de apelación al Secretario de la Corte de Distrito de Guayama.

El artículo 296 del Código de Enjuiciamiento Civil tiene el siguiente texto:

"Artículo 296. Una apelación se interpone entregando al secre-

tario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de' la misma, y presentando idéntica manifestación a la parte contraria o a su abogado.''

En la decisión en el caso *Delgado et al* v. *Hutchison,* 20 D.P.R. 483, se dice:

''La presentación de un d'ocumento al secretario de una corte deberá hacerse siempre dentro del término fijado por el estatuto a menos que la ley específicamente permita que' se haga de otro modo y al parecer hasta la fecha el estatuto de ningún Estado permite que por el mero hecho de dep'ositarse un documento en el correo ha de considerarse que se ha hecho su entrega al secretario. Un caso concreto en el cual se sostiene una teoría contraria es el de Brooks v. Nevada Nickel Syndicate, 24 Nevada, 264, 52 Pac. 575, al cual se hace referencia en el tom'o 2 de Cyc., pág. 873, nota 67.

''Que por el mero depósito en el correo no queda el demandado comprendido dentro del término concedido para interponer una apelación fué una cuestión que ya res'olvió este Tribunal en el ca'so de Sociedad Agrícola de Gurabo v. El Registrador de la Propiedad, 18 D.P.R., 818. Y en el caso de Patxot v. Nadal, 19 D.P.R. 354, este tribunal resolvió que el término de veinte días concedido al apelante dentro del cual debía presentar su demanda enmendada había de computarse desde el día siguiente a aquél en que se 'dictó la orden concediend'o dicho término, debiendo considerarse que la referida demanda se presentó el día en que fué recibi'da por el secretario y no aquél en que fué depositada en el correo.''

En análogo sentido' se resolvió el caso *Alvarez* v. *Sucn. de C. y J. Fantauzzi,* 27 D.P.R. 530.

Y, finalmente en el caso *J. González Clemente* v. *Torres, Arbona Hermanos y Noriega,* 41 D.P.R. 685, dijimos:

''Está fuera de duda que para los efectos de la entrega de una apelación al secretario de la corte, la fecha es aquélla en que el funcionario recibe el escrito, y no la de su depósit'o en el correo. La decisión, de este tribunal en Delgado et al. v. Hutchison, Juez de Distrito, 20 D.P.R. 483, es perfectamente clara y final; y como ella lo es asimismo la recaída en el caso Alvarez v. Sucesores de C. y J. Fantauzzi, 27 D.P.R. 530.

''Dejar una apelación para enviarla por corre'o el día antes del

en que se vence el término y esperar que el secretario de la corte la ha de recoger en la oficina de correos, es algo que no consiente la prudencia; y que no tiene la protección de la ley. El secretario es un funcionario de la corte, y no tiene el deber de ir al correo a recoger certificados de las partes. Estas tienen, aun en el mismo servicio postal, medios perfectamente seguros y rápidos de que sus escritos lleguen a manos de un funcionario, sin que éste vaya a buscarlos.''

Por las razones expresadas, *debe desestimarse, y se desestima, la apelación en este caso.*